```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       EASTERN DIVISION
```

HERMAN RANKIN, #38806                                      PLAINTIFF

VERSUS                              CIVIL ACTION NO. 4:07cv8-HTW-LRA

CAPTAIN M. COLLINS, et al.                                DEFENDANTS

<u>OPINION AND ORDER</u>

Before this Court is the plaintiff's response [14] filed on October 15, 2008. Having reviewed the response [14] as well as the record, this Court finds it is not well-taken.

An order [7] was entered on March 17, 2008, denying the prisoner plaintiff's request to proceed <u>in forma pauperis</u> pursuant to the three-strikes provision of 28 U.S.C. § 1915(g) and requiring plaintiff to pay the full filing fee of $350.00 within 20 days. Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.

When the plaintiff failed to comply with the order [7], this Court entered an order to show cause [8] on May 2, 2008. The order to show cause [8] directed the plaintiff to respond explaining why this civil action should not be dismissed for his failure to comply with the order [7] entered on March 17, 2008, and to pay the filing fee of $350.00 on or before May 19, 2008. The plaintiff filed a response [9] on May 9, 2008. An order [10] was then entered on July 16, 2008, finding that the response [9] was not well taken because the plaintiff did not meet the

exception to 28 U.S.C. § 1915(g).  The order further [10] granted the plaintiff a 30-day extension of time to pay the filing fee.  Once again, the order [10] warned the plaintiff that failure to advise this Court of a change of address or failure to comply with any order of this Court may result in the dismissal of this case.

The plaintiff subsequently filed a response [11] on August 1, 2008, to the order [10] entered on July 16, 2008.  After reviewing the response [11], this Court entered an order [12] on August 6, 2008, finding that the plaintiff offered no new arguments which persuaded this Court to rescind or alter the order [10] entered on July 16, 2008, and therefore, the plaintiff was required to comply with the order [10] entered on July 16, 2008.

When the plaintiff failed to comply with the orders of July 16, 2008, and August 6, 2008, an order to show cause [13] was entered on September 25, 2008.  The order to show cause [13] directed the plaintiff to file a response explaining why this Court should not dismiss the instant civil action for plaintiff's failure to pay the filing fee and the plaintiff was also directed to pay the filing fee within 15 days from the date of the order.  Moreover, this order [13] warned that this was the plaintiff's final opportunity to pay the filing fee.

The plaintiff filed his response [14] to the order to show cause [13] which is presently before this Court. In his response

[14], the plaintiff once again argues that his constitutional rights are being violated.  He further states in his response [14] that he is willing to pay the filing fee "a little at a time."  However, he failed to pay the filing fee.

As stated in this Court's order [7] entered on March 17, 2008, the plaintiff has received three-strikes and as decided by this Court in the order [10] entered on July 16, 2008, the plaintiff does not meet the exception to the three-strikes provision of 28 U.S.C. § 1915(g).  Furthermore, the United States Court of Appeals for the Fifth Circuit in Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997) has held that the three-strikes provision of the PLRA "does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying IFP status."  Thus, the plaintiff is not denied access to the courts and therefore, does not impinge on his due process rights or his First Amendment rights.  Furthermore, the Fifth Circuit has determined that the three-strikes provision of the PLRA does not violate equal protection since it is rationally related to a legitimate state interest of "deterring frivolous and malicious lawsuits."  Id. (citations omitted).

This Court finds that the plaintiff has not paid the filing fee as directed in the orders of this Court even though he has been warned that failure to do so will result in the dismissal of this civil action.  Furthermore, this Court has been lenient with

3

granting the plaintiff extensions of time to pay the filing fee and the plaintiff has not complied with the Court's orders.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 31st day of October, 2008.

                         s/ HENRY T. WINGATE
                         CHIEF UNITED STATES DISTRICT JUDGE